UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                                             Case No:   2:16-cv-597-FtM-99MRM

BANK OF AMERICA and STATE OF
FLORIDA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    Pending before the Court is the Complaint (Doc. 1) and the Affidavit of Indigency (Doc. 2) both filed on August 1, 2016.  The Court construes the Affidavit of Indigency (Doc. 2) as a Motion to Proceed *In Forma Pauperis*.

    In the Order (Doc. 4) entered on August 8, 2016, the Undersigned carefully reviewed both the Complaint (Doc. 1) and the Affidavit of Indigency (Doc. 2).  The Undersigned explained that when an application is filed to proceed in forma pauperis, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.  (Doc. 4 at 1).  Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915.  (*Id.*).  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  (*Id.*).

In the August 8 Order, the Undersigned determined that Plaintiff must amend the Complaint to state a cause of action. (Doc. 4 at 3). Pursuant to Fed. R. Civ. P. 8, a pleading must contain:

> (1)      a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2)      a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3)      a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). (*See* Doc. 2 at 1-2).

Upon review of the Complaint (Doc. 1), and although not clear, Plaintiff appears to allege that on December 15, 2015, "defendant file [sic] a foreclosure law sue [sic] for under $50.000. [sic] The defendant stated the plaintiff did not live at the residential [sic]." (Doc. 1 at 1). Plaintiff claims that he filed affirmative defenses in that case. (*Id.*). Plaintiff asserts that a defendant in that case chose the "scheduled [sic], the room and the judge, and mail court dates to the plaintiff." (*Id.*). Plaintiff filed a motion to disqualify the presiding judge and to "strike the two and half minutes hearing." (*Id.*).

To support his claim in the foreclosure case, Plaintiff submitted three (3) years of water bills and six (6) months of electric bills. (*Id.*). Plaintiff discusses certain motions he filed in the foreclosure action and the resolution of those motions. (*Id.* at 2). Plaintiff claims that the state-court judge's rulings: "(1) [c]ast reasonable doubt on the Judge's capacity to act impartially as a judge; (4) [sic] [i]nterfere with the proper performance of judicial duties." (*Id.*). Plaintiff appears to claim that he was entitled to a jury trial in the foreclosure action but Judge Laboda "file [sic] a order [sic] denying the motion for rehearing stating that Fla. Stat. 702.01 prohibits a

jury trial in foreclosure case, she also stated federal rules do not apply in a state court proceeding." (*Id.*).

Plaintiff also claims that a day after the above-described order was entered, "the defendant file [sic] a notice of voluntary dismissal." (*Id.*). Plaintiff apparently filed a "motion to discuss settlement. Judge Laboda on June 9, 2016 order [sic] the motion to settlement [sic] is MOOT as the defendant filed a Voluntary Dismissal." (*Id.* at 2-3) (emphasis in original).

Plaintiff further asserts that on February 8, 2011, he entered into a reverse mortgage loan with Bank of America. (*Id.* at 3). Plaintiff claims that he is retired and on a fixed income. (*Id.*). Plaintiff alleges that defendant filed a frivolous foreclosure action against him and used "the court to manipulate the plaintiff by picking the judge and filing a sham pleading Rule 1.150 in a two and half [sic] minutes hearing." (*Id.*). Plaintiff concludes that "[t]he defendant have [sic] been grant [sic] 100's of millions of dollars from the courts in fee's [sic] for fore closure [sic]. The plaintiff had been denied. The court stated that there [sic] do not recognize Federal Rules of civil procedure [sic]; Rule 38. (B) [sic] there widespread fraud and civil rights violation in this court and denied of a jury trial is one of the reason [sic]." (*Id.*). Plaintiff requests that the Court grant him a jury trial and a monetary award for "civil right [sic] violation, age discriminate [sic], fraud, suffering an [sic] pain." (*Id.*).

In the August 8 Order, the Court explained that while *pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys, the allegations in Plaintiff's Complaint do not amount to a claim cognizable in federal court. (*See* Doc. 4 at 3); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)[1]. The Court determined that Plaintiff failed provide a

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

short, plain statement of the court's jurisdiction as well as a short, plain statement of his claim showing that he is entitled to relief.  (Doc. 4 at 3).  Further, Plaintiff failed to state what rights under the Constitution, laws, or treaties of the United States have been violated.  (*Id.* at 3-4).  The Court required Plaintiff to file an Amended Complaint that complied with the August 8, 2016 Order within twenty-one (21) days.  (*Id.* at 4).  The Court cautioned Plaintiff that if he failed to comply with the August 8, 2016 Order, the Court would recommend that this action be dismissed.  (*Id.* at 4).

On September 8, 2016, the Undersigned entered an Order to Show Cause (Doc. 5) based upon Plaintiff's failure to comply with the August 8, 2016 Order by failing to file an Amended Complaint.  (*Id.*).  Citing Local Rule 3.10, the Undersigned determined that Plaintiff failed to prosecute this action.[1]  (*Id.* at 1).  The Court allowed Plaintiff one last opportunity to comply with the August 8 Order and file an Amended Complaint.  (*Id.*).  The Undersigned again cautioned Plaintiff that if he failed to comply with the September 8, 2016 Order to Show Cause, the Court would recommend that this action be dismissed.  (*Id.* at 2).  Plaintiff failed to comply with both the September 8, 2016 Order to Show Cause and the August 8 Order.

**IT IS RESPECTFULLY RECOMMENDED:**

The Affidavit of Indigency (Doc. 2) construed as a Motion to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**, and this action be dismissed for failure to comply with court orders and failure to prosecute.

---

[1] Local Rule 3.10, provides that "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."  M.D. Fla. R. 3.10.

4

Respectfully recommended in Chambers in Ft. Myers, Florida on October 3, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties