UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD JONES,

    Plaintiff,

v.                                            Case No:   2:16-cv-597-FtM-29MRM

BANK OF AMERICA and STATE OF
FLORIDA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Affidavit of Indigency (Doc. 2) construed as a Motion for Leave to Proceed *In Forma Pauperis*, Plaintiff's Motion to Reopen Case (Doc. 10) filed on October 31, 2016, and Plaintiff's Amended Complaint (Doc. 13) filed on November 21, 2016.

On November 9, 2016, the District Court entered an Order (Doc. 12), taking the Motion to Reopen Case (Doc. 10) under advisement, requiring Plaintiff Donald Jones to file an Amended Complaint, and reopening the Affidavit of Indigency (Doc. 2).  (*See* Doc. 12 at 2).  In Order for the Undersigned to reconsider the Affidavit of Indigency construed as a Motion for Leave to Proceed *In Forma Pauperis*, the Court recommends that the Motion to Reopen Case (Doc. 10) be granted and this case be reopened for further consideration.

Before considering the Affidavit of Indigency and the Amended Complaint, the Court finds that a recitation of the procedural history of the case is helpful.  On August 1, 2016, Plaintiff filed the original Complaint (Doc. 1) and an Affidavit of Indigency requesting leave to proceed without the prepayment of costs.  On August 8, 2016, this Court entered an Order (Doc. 4), requiring Plaintiff to file an Amended Complaint within twenty-one (21) days from the date

of the Order. (*See* Doc. 4 at 2-4). The Order (Doc. 4) provided detailed instructions to Plaintiff to assist him in stating a cause of action upon which relief may be granted.

When no Amended Complaint was filed, the Court entered an Order to Show Cause (Doc. 5) on September 8, 2016, requiring Plaintiff to show good cause why this action should not be dismissed for failure to file an Amended Complaint and requiring Plaintiff to file an Amended Complaint within fourteen (14) days from the date of the Order. (*Id.* at 1-2). The Court explained that by not complying with Court Orders and by not filing an Amended Complaint, Plaintiff was failing to prosecute this action. *See* M.D. Fla. R. 3.10; (*Id.* at 1-2). No Amended Complaint was filed and the Court entered a Report and Recommendation on October 3, 2016 recommending that the Affidavit of Indigency construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be denied and this action be dismissed for failure to prosecute. (*See* Doc. 6 at 4-5). The District Court entered an Opinion and Order (Doc. 7) on October 21, 2016 adopting the Report and Recommendation, denying the Affidavit of Indigency (Doc. 2) and dismissing this action. (*See* Doc. 7 at 2-3). Judgment was entered on October 25, 2016. (*See* Doc. 8).

Around the time the case was closed, Plaintiff filed a Motion (Doc. 9) on October 25, 2016, asserting that he did not receive the prior Orders of the Court because his address had changed. (*See Id.* at 1). The Court entered an Order (Doc. 11) directing the Clerk of Court to change Plaintiff's address and to resend prior Orders to Defendant. (*See* Doc. 11 at 1-2). Thereafter, Plaintiff filed a Motion to Reopen Case (Doc. 10), claiming that he did not receive mail from the Court. (*See* Doc. 10 at 1). As stated above, the District Court entered an Order (Doc. 12) taking the Motion to Reopen Case (Doc. 10) under advisement, requiring Plaintiff Donald Jones to file an Amended Complaint, and reopening the Affidavit of Indigency (Doc. 2).

(*See* Doc. 12 at 2).  Plaintiff filed an Amended Complaint (Doc. 13) on November 21, 2016.  The Court will now consider the Affidavit of Indigency construed as a Motion for Leave to Proceed *In Forma Pauperis* as it relates to the Amended Complaint.

As explained in the August 8, 2016 Order, when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915.  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The allegations in the Amended Complaint (Doc. 13) appear similar to the allegations in the original Complaint (Doc. 1) and continue to be unclear.  Plaintiff appears to allege that on December 15, 2015, a Defendant (Plaintiff does not specify which Defendant) filed a foreclosure action for under $50,000.00.  (Doc. 13 at 1).  "The Defendant [again not specified] stated that the Plaintiff did not live at the residential [sic]." (*Id.*).  Plaintiff alleges that he filed affirmative defenses on January 11, 2016.  (*Id.*).  "[Plaintiff] submitted 3 years of water bill[s], 6 months of electric bills." (*Id.*).  The state court denied the motion to strike affirmative defenses on April 27, 2016.  (*Id.*).  Plaintiff claims he filed a motion to move the case to trial and the defendant (again not specified) demanded that the trial be a bench trial and not a trial by jury.  (*Id.*).  Plaintiff claims that he moved to strike the demand for a bench trial but the state-court judge denied the motion and denied Plaintiff's right to a jury trial.  (*Id.*).  Plaintiff alleges that on May 17, 2016, Plaintiff again filed a motion for the case to proceed as a jury trial but the state-court judge denied the motion citing Fla. Stat. § 702.1 and stating that Federal Rules of Civil

Procedure do not apply in state court. (*Id.* at 1-2). Plaintiff asserts that "[o]ne day after the order the Defendant file [sic] a notice of voluntary dismissal. On May 31, 2016, the Plaintiff file [sic] a motion to discuss settlement. Judge Laboda on June 9, 2016 order [sic] the motion to settlement [sic] is moot as the defendant filed a voluntary dismissal." (*Id.* at 2). Plaintiff requests that the Court "(A) Grant the Plaintiff a Jury Trial and monetary award for civil right [sic] violation, age discriminate, [sic] fraud, suffering and pain." (*Id.* at 2).

As the Court explained in the August 8 Order (Doc. 4) and the October 3 Report and Recommendation (Doc. 6), Plaintiff must comply with Fed. R. Civ. P. 8, which requires a pleading to contain:

(1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). (*See* Doc. 2 at 1-2; Doc. 6 at 2). While *pro se* complaints should be held to a less stringent standard than pleadings drafted by attorneys, the allegations in Plaintiff's Amended Complaint do not amount to a claim cognizable in federal court. *See Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1] Plaintiff failed to provide a short, plain statement of the court's jurisdiction as well as a short, plain statement of his claim showing that he is entitled to relief.

Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Federal Courts also have

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different States. *See* 28 U.S.C. §1332. Although Plaintiff alleges violations of his civil rights and age discrimination, the Court does not find that the factual allegations support these contentions. Rather, it appears that Plaintiff would like a jury trial and monetary award for being sued in state court on a case that was voluntarily dismissed. Plaintiff failed to set forth a cognizable federal claim. Accordingly, pursuant to 28 U.S.C. § 1915, the Undersigned determines that Plaintiff failed to state a cause of action upon which relief may be granted.

   **IT IS RESPECTFULLY RECOMMENDED:**

1) That the Motion to Reopen Case (Doc. 10) be **GRANTED**.

2) That the Affidavit of Indigency construed as a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be **DENIED**.

3) That the Amended Complaint (Doc. 13) be **DISMISSED** and judgment be entered accordingly.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 30, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties